IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MELVIN STRONG, Register No. 531964,  )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )   No. 05-4142-CV-C-SOW
                                      )
GERALD L. GREEN, et al.,              )
                                      )
                    Defendants.       )

## REPORT AND RECOMMENDATION

Plaintiff Melvin Strong, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On February 24, 2006, defendants filed a motion for summary judgment. Despite an order of May 24, 2006, to show cause why the motion for summary judgment should not be granted, plaintiff has failed to file a response.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Upon review of defendants' motion for summary judgment, the court finds that the motion appears to have merit and should be granted.

To state a claim of cruel and unusual punishment based on exposure to environmental tobacco smoke (ETS), an inmate must allege that defendants, with deliberate indifference, exposed him to levels of ETS that are sufficient to "pose an unreasonable risk of serious damage" to plaintiff's current or future health. Helling v. McKinney, 509 U.S. 25, 35 (1993); see also Larson v. Kempker, 404 F.3d 936, 940 (citing Helling v. McKinney). This involves both an objective and a subjective component. Plaintiff must have been exposed to unreasonably high levels of ETS and defendants must have known of the problem and, with deliberate indifference to the risks to plaintiff, failed to take appropriate action to deal with it. Id.; see also Weaver v. Clark, 45 F.3d 1253 (8th Cir. 1995).

In the instant case, plaintiff has provided no evidence that he was exposed to unreasonable levels of environmental tobacco smoke, or evidence that such exposure has caused him to suffer or will cause him to suffer a serious health problem. Therefore, there is no dispute of material fact as to plaintiff's ETS claims and summary judgment should be granted.

Plaintiff's allegations of discrimination as to his job assignment in violation of the Constitution is unsupported by evidence. Plaintiff does not allege racial discrimination, but rather, that other prisoners with worse records were getting better job assignments. Prisoners do not have a constitutional right to be assigned to any particular job in prison. Mitchell v. Kirk, 20 F.3d 936, 938 (8th Cir. 1994); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987). Neither do prisoners have a right to receive wages while in prison. Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir. 1994). Furthermore, it appears that plaintiff is likely ineligible for the work release

2

he seeks because of his conviction for robbery in the first degree and his conviction for attempting to deliver a controlled substance in a correctional facility.

Finally, as to his access-to-courts claims, plaintiff has failed to provide any evidence of actual injury as required for a successful claim. Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353).

Plaintiff's allegation that defendant guards read his legal mail in his presence fails to present any evidence sufficient to make a viable claim of denial of access to courts.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed [54].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 29th day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge